O.S., Jr. and J.A.S., Appellants,

v.

C.F. and B.F., Appellees.

Court of Appeals of Kentucky.

July 29, 1983.

Alva A. Hollon, Jr., Hollon, Hollon & Hollon, Hazard, for appellants.

Theodore Knoebber, Newport, for appellees.

Before HOGGE, LESTER and MILLER, JJ.

MILLER, Judge.

This is an appeal from a Laurel Circuit Court's judgment denying a petition for adoption. The petition was filed by appellants (O.S., Jr. and J.A.S.), aunt and uncle of J.C.F., age three. The petition was resisted by appellees, C.F. and B.F., the natural parents of J.C.F. The petition was filed pursuant to K.R.S. 199.470 *et seq.* and sought to terminate the parental rights of C.F. and B.F. pursuant to K.R.S. 199.500(4) and K.R.S. 199.603(1)(a) and (b). The petition sought to sever the parental rights of the natural parents thus freeing the child for adoption and obtaining a judgment of adoption all in the same proceeding. The rights were to be severed upon the allegation and proof of "abandonment" or "neglect." The trial court found the evidence to be insufficient to support a termination of parental rights based upon those grounds. We affirm.

 Parental rights are so fundamentally esteemed under our system that they are accorded due process protection under the 14th Amendment to the United States Constitution, when sought to be severed at the instance of the state. *See Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Under *Santosky,* the 14th Amendment prescribes the standard controlling the judgment of the "fact-finders" in severing the rights. That standard is one of "clear and convincing evidence." It is this standard which *Santosky* imposes upon the states. States may have a more rigid or higher standard but they may not have a less stringent test. In *Santosky,* the U.S. Supreme Court set the minimum.

 We note that K.R.S. 199.603(1) delineates the standard of proof to be that of a "preponderance" of the evidence. That was the section under which this case was tried. We also note that this section has been repealed effective as of July 15, 1984, and thereafter K.R.S. 208C.090 will control. This latter section prescribes the "clear and convincing evidence" test as mandated by *Santosky.* Although we are inclined to believe *Santosky* was controlling, notwithstanding K.R.S. 199.603(1), at the time of the lower court's decision and therefore the appropriate test was one of "clear and convincing evidence," we do not deem the impact of *Santosky* to be decisive of this case.[1]

1. *Santosky v. Kramer* was decided on March 24, 1982. The judgment appealed from was dated October 17, 1981. It is arguable that the

"clear and convincing evidence" rule would therefore not be applicable. Further, it is arguable that *Santosky* only applies to cases of

The trial judge refused to sever the parental right. We believe he was correct upon the evidence. Even under the "preponderance" test, the evidence was insufficient to invade parental rights. In adoption proceedings parental rights are not severed merely because a child would have a better home elsewhere or because the natural parent may provide less parental care than the adopting parent. Nor are they severed because a parent has temporarily abdicated his parental responsibility in favor of a kindred, as appears to have been the situation in the case at hand. 2 Am.Jur.2d *Adoption* § 34 (1962). Rather, there must be proof that the natural parent has abandoned or neglected the infant as prescribed by the statute. K.R.S. 199.011(6); K.R.S. 199.-603(3) and K.R.S. 208C.090, effective July 15, 1984. Generally, abandonment is demonstrated by facts or circumstances that evince a settled purpose to forego all parental duties and relinquish all parental claims to the child. 2 Am.Jur.2d *Adoption* § 32 (1962). Non-support does not itself constitute abandonment, especially where the child is supported by a volunteer, but it may be an element of abandonment. 2 Am. Jur.2d *Adoption* § 35 (1962).

■ Appellants correctly point out discrepancies in the testimony offered by the natural parents. There are indeed inconsistencies in the testimony of B.F. and one of her witnesses. However, this court cannot easily determine the truthfulness of a witness. Credibility is one for the finder of facts. *See Ironton Fire Brick Company v. Burchett*, Ky., 288 S.W.2d 47 (1956). CR 52.01. We are not willing to disturb the decision of the trial judge as there is no substantial probative evidence to warrant a finding of abandonment or neglect.

For the foregoing reasons we affirm the decision of the trial court.

All concur.

direct state severance of parental rights and has no application to cases where a private individual seeks to terminate parental rights to gain an adoption. In any event, these questions need not be answered in this case because

we have held that even under the preponderance test appellants failed in their proof of abandonment or neglect. We have cited *Santosky* to demonstrate the jealous protection which the law affords parental rights.