OPINION

COMBS, JUDGE':
This is an adoption case in which Appel-lee, a stepfather, filed a petition to adopt his stepchild. The Lyon Circuit Court granted the petition. Appellant, the biological father of the child now appeals. After our review, we affirm.
Father (R.P., Jr.) and Mother (K.B.C.) were never married but cohabited. Their minor child was born on July 23, 2009. When Child (S.L.P.) was approximately three weeks of age, Father and Mother ended their relationship. Stepfather (T.A.C.) and Mother commenced a relationship when Child was ten months of age. There is no dispute that Stepfather became actively involved in taking care of Child and that he has undertaken a parenting role.
During the first eighteen months of Child’s life, visitation with Father was sporadic. Most visits were primarily spent with Father’s parents. Father’s actual interactions with Child were brief; he rarely even held the little boy. The last time that Father interacted with Child was on March 31, 2011. Child had ear-tube surgery, and Father visited him in the hospital. He was there briefly, and his conversation with Child consisted of saying “bye, boy” before leaving.
Father did not pay child support until August 2010. At that time, he and Mother agreed that he would pay sixty-five dollars per week. However, between September 2010 and May 2013, Father only paid a total of $840.00. In May 2013, formal child support was established. Father began paying after being arrested for nonpayment in July 2013.
Mother and Stepfather married on December 16, 2013. On January 7, 2014, Stepfather filed a petition for adoption of Child. The court conducted a bench trial on May 19, 2014. On July 16, 2014, it entered an order which granted the petition and terminated Father’s parental rights. Father filed this appeal on August 11, 2014.
Father argues that no evidence was presented which supported the statutory requirements for termination of his parental rights. We disagree.
We recognize that parental rights are a “fundamental liberty interest protected by the Fourteenth Amendment” of the United States Constitution. Santosky v. Kramer, 455 U.S. 745, 753,102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982). When the government acts to terminate a parent’s rights,.it is not merely infringing on those rights; it is ending them. Lassiter *427 v. Dept, of Social Svcs. of Durham Co., N.C., 452 U.S. 18, 27, 101 S.Ct. 2153, 2160, 68 L.Ed.2d 640 (1981).
Accordingly, termination of parental rights is a grave action which the courts must conduct with “utmost caution.” M.E.C. v. Commonwealth, Cab. for Health and Family Svcs., 254 S.W.3d 846, 850 (Ky.App.2008). Termination can be analogized as capital punishment of the family unit because it is “so severe and irreversible.” Santosky v. Kramer, 455 U.S. at 759, 102 S.Ct. at 1398. Therefore, to pass constitutional muster, the evidence supporting termination must be clear and convincing. 455 U.S. at 769-70, 102 S.Ct. at 1403. Clear and convincing proof is that “of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people.” Rowland v. Holt, 253 Ky. 718, 70 S.W.2d 5, 9 (Ky.1934).
Kentucky Revised Statute[s] (KRS) 199.502(1) sets forth that “an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that any of [nine] following conditions exist with respect to the child[.]” (Emphasis added.) In this case, the trial court relied on the requirements provided in subsections (a), (e), and (g):
(a) That the parent has abandoned the child for a period of not less than ninety (90) days;
(e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
(g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child’s well-being and that there is no reasonable expectation of significant improvement in the parent’s conduct in the immediately foreseeable future, considering the age of the child[.]
Father first claims that substantial evidence was not before the court to support a finding of abandonment. For the purposes of Chapter 199, “abandonment is demonstrated by facts or circumstances that evince a settled purpose to forego all parental duties and relinquish all parental claims to the child.” O.S. v. C.F., 655 S.W.2d 32, 34 (Ky.App.1983). Nonsupport is a factor to be considered — although it does not constitute abandonment per se. Id. On the other hand, sporadic payment of child support does not necessarily indicate that a person did not abandon his child. S.B.B. v. J.W.B., 304 S.W.3d 712 (Ky.App.2010). •
The trial court found that Father had abandoned Child after noting that he had participated in very little visitation and that he “had not initiated any effort at visiting with his son and had not regularly sent special occasion cards or gifts.” The court surmised that Father “has basically been disinterested in the child’s upbringing while he was living his own life.”
Father challenges those findings by the court as erroneous because they disregarded testimony in which he and his parents alleged that Mother rebuffed their efforts to schedule visits with Child. However, the standard of clear and convincing evidence does not mean uncontradicted evidence. W.A. v. Cabinet for Health and Family Services, 275 S.W.3d 214, 220 (Ky.App.2008). It is the prerogative of the *428 court to determine the credibility of witnesses and the weight of the evidence. R.C.R. v. Commonwealth Cabinet for Human Resources, 988 S.W.2d 36, 39 (Ky.App.1998).
It is true that Father and his parents testified that Mother had been uncooperative. Nonetheless, ample evidence supports the findings of the court. Mother testified that she had attempted to arrange visits with Father and his family numerous times and that they had declined to accept her invitations. Father’s parents acknowledged that they had refused to attend at least one of Child’s birthday parties because they were asked not to bring their extended family.
Furthermore, Father testified that he had never attempted to arrange visitation[1] with Child. He said that he had “just hoped it would all work out.” Father could not articulate why obtaining visitation had not been a priority for him. He agreed that he had not consistently paid child support until ordered to do so because he knew that Mother and her family were caring for Child. Father summed up his testimony by acknowledging that he had failed to care for Child and would like the opportunity to start over.
Father asks us to consider P.C.C. v. C.M.C., 297 S.W.3d 590 (Ky.App.2009), in which we held that it was improper for a court to find abandonment when the custodial parent had consistently prevented the other parent from contact with the child.
However, P.C.C. is distinguishable from this case. In that case, the parties seeking termination and adoption admitted deliberate and systematic ploys to keep the natural father and child apart, including recruiting family members to assist their efforts and removing the child from the state in order to avoid visitation. Id. at 592. The natural father had presented proof of consistent attempts to maintain visitation with his child, including recourse to the courts. Therefore, the court’s finding of abandonment was unsupported.
As distinguished from P.C.C., the court in this case relied on Father’s testimony concerning his own conduct. Father has not set forth any authority or proof to indicate that his conduct did not “evince a settled purpose to forego all parental duties and relinquish all parental claims to the child.” O.S. v. C.F. at 34. He merely argues that his testimony about Mother’s conduct outweighs his admissions about his own behavior. We reiterate that it is within the exclusive province of the trial court to weigh the evidence. Its finding was supported by sufficient evidence, and we may not disturb it.
Father also argues that the court erred in finding that he had not provided parental care or essential needs for Child and that there was no reasonable expectation that he would improve. Again, he contends that his argument regarding Mother’s conduct should overcome the undisputed evidence of his own actions and inaction. He also points out that he has 'paid child support since an order was set in place. However, we have held that on its own, payment of court-ordered child support “is insufficient to overcome the great weight of the evidence presented supporting termination of parental rights under the facts of this case.” S.B.B. v. J.W.B., 304 S.W.3d at 715.
The trial court’s order of termination was amply supported by the record. Father admitted that he had not been involved in Child’s life. Nor had he made *429 any efforts to be involved. At the time of the trial, Child was almost five years of age and had not seen Father in three years. Child knows only Stepfather as his father; he does not have any awareness of Father. Although Father has recently paid child support, he admitted that he had not paid for several years merely because he knew that other relatives were caring for Child. We are unable to conclude that the trial court erred in granting Stepfather’s petition for adoption.
Accordingly, we affirm the Lyon Circuit Court.
ALL CONCUR.

. The parties’ testimony alluded to a petition for visitation filed by Father. However, it is not in the record and it was filed only a few months before the hearing. We do not believe that it has any bearing on the trial court’s decision for purposes of our review.