RENDERED: AUGUST 22, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0901-ME

J.P.                                                                                    APPELLANT


APPEAL FROM KENTON FAMILY COURT
v.          HONORABLE TERRI KING SCHOBORG, JUDGE
ACTION NO. 24-AD-00009


T.S.; A.S.; A.M.S., A MINOR CHILD;
CABINET FOR HEALTH AND
FAMILY SERVICES, DEPARTMENT
OF COMMUNITY BASED
SERVICES; AND Q.R.                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: J.P. (Mother), appeals the June 26, 2024, Findings of Fact and

Conclusions of Law and the Judgment of Adoption of the Kenton Family Court

which terminated the parental rights of Mother and Q.R. (Father),[1] and granted the

---

[1] Q.R. (Father) was not involved in any of the proceedings below and has not filed an appeal in this matter.

adoption of A.M.S. (Child) to A.S. and T.S. (Appellees). After conducting a careful review of the record on appeal, the relevant law, and the briefs filed, for the reasons stated we affirm.

BACKGROUND

In September of 2019, the Cabinet for Health and Family Services (Cabinet) filed a dependency, neglect, and abuse (DNA) petition against Mother and Father alleging there were multiple acts of domestic violence between the parents and concerns of extensive substance abuse by the parents.

Child was initially taken into Cabinet custody and placed into foster care with Appellees, who are cousins to Mother. Appellees were granted temporary custody of Child in December of 2019 and the DNA proceedings progressed with neither parent making any appreciable advancements on the case plans provided by the Cabinet or having any meaningful participation in the proceedings. The DNA case closed with Appellees being granted permanent custody in September of 2020. During 2020, Mother continued to struggle with substance abuse issues and was arrested multiple times, ultimately being incarcerated in October of 2020.

In early 2024, Appellees filed a petition for adoption. The family court conducted a final hearing in June of 2024. Present at the hearing were Mother and her counsel, appellees and their counsel, and the guardian *ad litem*

(GAL) appointed to represent Child. During the hearing, Mother testified at length about the progress she had made in achieving and maintaining her sobriety since her incarceration in October of 2020, including her continuing treatment for her substance abuse issues and completion of drug court, and her endeavors of going back to school and obtaining employment. (Video Record, "V.R.," June 7, 2024, Hearing – 12:53:25.) Both A.S. and Mother testified that Mother had not seen or communicated with Child, provided any support, or sought any visitation or contact with Child since September of 2019, other than some letters sent after the petition for adoption had been filed.

On June 26, 2024, the family court entered Findings of Fact and Conclusions of Law and Judgment of Adoption whereupon the court found by clear and convincing evidence that it was in Child's best interest for the adoption to be granted. As a matter of law, J.P.'s parental rights were terminated. Kentucky Revised Statutes (KRS) 199.520(2). This appeal followed.

STANDARD OF REVIEW

An adoption without the consent of a biological parent is analogous to an involuntarily termination of parental rights. *See Moore v. Asente*, 110 S.W.3d 336, 351 (Ky. 2003). A judgment terminating parental rights shall only be reversed by this Court if it is clearly erroneous; in other words, there is no substantial, clear, and convincing evidence to support the lower court's decision.

*See B.L. v. J.S.*, 434 S.W.3d 61, 65 (Ky. App. 2014); *see* Kentucky Rules of Civil

Procedure 52.01.

ANALYSIS

In contested adoptions, there are four distinct considerations which

must be contemplated by a family court:

> (1) [D]id the petitioner comply with the jurisdictional
> requirements for adoption; (2) have any of the conditions
> outlined in KRS 199.502(1) been established; (3) is the
> petitioner of good moral character, of reputable standing
> in the community and of ability to properly maintain and
> educate the child as required by the first portion of KRS
> 199.520(1); and (4) finally, will the best interest of the
> child be promoted by the adoption, and is the child
> suitable for adoption as required by the final portion of
> KRS 199.520(1).

*A.K.H. v. J.D.C.*, 619 S.W.3d 425, 431 (Ky. App. 2021) (footnote omitted).

Mother does not contest the first or third of these considerations.

Instead, she contests the second and fourth, arguing that the family court did not

properly consider the efforts and adjustments she has made in her life and how

those efforts indicate a reasonable expectation of improvement. We will first

address Mother's argument as it pertains to the conditions outlined in KRS

199.502(1) and then as it pertains to a determination of Child's best interests.

In this case, the family court found the conditions under KRS 199.502(1)(a), (e), and (g) to exist.[2] However, only one needed to have been proven. *See C.J. v. M.S.*, 572 S.W.3d 492, 496 (Ky. App. 2019). Regarding KRS 199.502(1)(a), "abandonment is demonstrated by facts or circumstances that evince a settled purpose to forego all parental duties and relinquish all parental claims to the child." *O.S. v. C.F.*, 655 S.W.2d 32, 34 (Ky. App. 1983). Unlike some of the other conditions of KRS 199.502(1), whether there is a reasonable expectation of

---

[2] In relevant part, Kentucky Revised Statutes (KRS) 199.502(1) provides:

> Notwithstanding the provisions of KRS 199.500(1), an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that any of the following conditions exist with respect to the child:
>
> (a) That the parent has abandoned the child for a period of not less than ninety (90) days;
>
> . . . .
>
> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
>
> . . . .
>
> (g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

improvement on the part of a parent is not a component for a finding of abandonment.

The record on appeal reflects that Mother abandoned Child for a period of not less than ninety (90) days. Mother admitted to not working her case plan or participating in the DNA case. Rather than strive to be a parent to Child, she continued to engage in criminal activities until her incarceration in October of 2020. *See, e.g.*, *J.R.E. v. Cabinet for Health & Fam. Servs.*, 667 S.W.3d 589, 594 (Ky. App. 2023). Even after she was released from incarceration, Mother did not provide any support or make any consistent or noteworthy attempts to reach out for visitation or inquire about Child, nor did Appellees engage in any deliberate ploys to prevent Mother from seeing Child. *See R.P., Jr. v. T.A.C.*, 469 S.W.3d 425, 428 (Ky. App. 2015). Mother testified the reason she did not seek any visitation was because she did not want to upend or disrupt Child's relationship with Appellees until she had established some stability. (V.R., June 7, 2024, Hearing – 1:30:45.) However, Mother's good intentions do not obviate the fact that Mother still made the choice to forgo any parental duties and relinquish parental responsibility for a period of several years.

There also exists substantial evidence which supports the family court's finding that the adoption would be in Child's best interests. It is apparent that Mother has made admirable progress in achieving and maintaining her

sobriety and seeking to better her own station in life since her release from incarceration in March 2021 – the family court considered and detailed those accomplishments in its Findings of Fact and Conclusions of Law. However, Mother's improvement is only one factor to be considered in weighing the best interests of Child. *See A.F. v. L.B.*, 572 S.W.3d 64, 76 (Ky. App. 2019) (citing *M.E.C. v. Cabinet for Health and Fam. Servs.*, 254 S.W.3d 846, 854 (Ky. App. 2008)). The family court also had to consider Mother's complete lack of support and inaction in attempting to be a parent to Child and Child's bonding with Appellees, and their own children, in the four and a half years Child was in their custody. The love and care provided by Appellees is not questioned; Mother herself gratefully acknowledged the parenting provided by Appellees, and that it was a priority for her to not upend the life Appellees have given to Child. (V.R., June 7, 2024, Hearing – 1:23:00.) Additionally, the GAL assented to the adoption and the Cabinet recommended for the adoption to occur. (Record at 55.) And importantly, as stated above, there was clear evidence that Mother abandoned child for a period of longer than ninety (90) days.

While Mother's improvements weighed in her favor for not terminating her parental rights, substantial evidence existed which weighed in favor of granting the adoption and terminating her parental rights. After weighing that evidence, the family court determined it was in Child's best interests to grant

the adoption. "[I]t is within the exclusive province of the trial court to weigh the evidence" before it. *R.P., Jr.*, 469 S.W.3d at 428. And, we must defer to the family court to determine the credibility of witnesses and weigh the evidence presented. *Id.* Because the family court's findings in this case are supported by substantial evidence, we may not disturb those findings. *Id.*

## CONCLUSION

Accordingly, finding no clear error in the family court's judgment, we affirm the June 26, 2024, Findings of Fact and Conclusions of Law and Judgment of Adoption of the Kenton Family Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEES, A.S. AND T.S.: |
|---|---|
| Martin A. Haas, Jr. Crescent Springs, Kentucky | Katherine M. Schulz Cold Spring, Kentucky |